**14CV0064**

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CAMERON SCHILLER,

        *Plaintiff*,

        v.

FAHERTY BRAND, LLC,
MICHAEL FAHERTY, and
ALEX FAHERTY,

        *Defendants*.

-------------------------------------------------------------X

Index no.:

**COMPLAINT**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

RECEIVED JAN - 7 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, Cameron Schiller, by and through his attorneys, The Harman Firm, PC, as and for his Complaint against Defendants on the basis of hostile work environment and retaliation alleges as follows:

### PARTIES AND NATURE OF ACTION

1. This case is about a hostile work environment and retaliation. Plaintiff Cameron Schiller, who worked as Content Director at Defendant Faherty Brand, was subjected to inappropriate sexual conduct from Defendants Alex Faherty and Mike Faherty on a daily basis. Plaintiff Schiller was summarily terminated after he expressed his concerns about the offensive and disturbing sexually charged working conditions that he witnessed at Faherty Brand on a daily basis.

2. This action seeks damages for hostile work environment because Plaintiff was daily subjected to an inappropriate and unacceptable sexual work environment during his employment at Faherty Brand.

3. This action seeks damages for retaliation because Defendants terminated Plaintiff after he complained and expressed concerns about the sexually charged work environment at and his discomfort to work there under the circumstances.

4. Plaintiff Cameron Schiller is a citizen of the City and County of San Francisco and the State of California.

5. At all times relevant hereto, Defendant Faherty Brand, LLC (hereinafter "Faherty Brand"), is a Delaware corporation with its principal place of business in New York City, and previously employed Plaintiff and employs the individually named Defendants.

6. At all times relevant hereto, Defendant Michael Faherty is an individual and founder and owner of Faherty Brand and is the twin brother of Defendant Alex Faherty.

7. At all times relevant hereto, Defendant Alex Faherty is an individual and founder and owner of Faherty Brand.

8. Upon information and belief, individual Defendants Michael and Alex Faherty both maintain their principal place of business in the City, County and State of New York, of which they are citizens.

9. Upon information and belief, Faherty Brand is an apparel company, specializing in beach and swimwear.

10. This action seeks damages for hostile work environment and retaliation under the New York City Human Rights Law, and both codified at N.Y.C. ADMIN. CODE §§ 8-101–31.

**JURISDICTION AND VENUE**

11. Jurisdiction of this Court is properly laid pursuant to 28 U.S.C. § 1332, in that:

(i) Plaintiff is a citizen of the City and County of San Francisco and State of California;

(ii) Defendant Faherty Brand, is a Delaware corporation with its principal place of business in New York City;

(iii) The other Defendants are New York City, County and State residents; and

(iv) The amount in controversy exceeds the requisite amount of (seventy-five thousand dollars) $75,000.

## DEMAND FOR TRIAL BY JURY

12. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

13. In or around October 2012, Plaintiff was successfully employed as Senior Executive Producer of Film and Video at Bond Strategy and Influence, a strategic marketing company.

14. On or around October 10, 2012, Plaintiff met with individual Defendant Michael Faherty at Faherty Brand New York City office to discuss the possibility of Plaintiff working with Defendants.

15. On or around February 20, 2013, Plaintiff met with Defendants Michael Faherty and Alex Faherty to discuss Plaintiff's potential employment with Defendant Faherty Brand and Plaintiff's departure from the job he held then.

16. On or around March 1, 2013, Defendants Michael Faherty and Alex Faherty extended Plaintiff a job offer as "Content Director." This job offer was for sixty thousand

dollars ($60,000) per year and a one percent (1%) equity in Faherty Brand each year for four (4) years.

17. On or around March 2, 2013, Plaintiff accepted Defendants' job offer.

18. On or around March 4, 2013, Plaintiff attended a Faherty Brand photo shoot in Brooklyn, New York.  During the photo shoot, Plaintiff observed Defendants Alex Faherty and Mike Faherty and the male models present drinking heavily, which deeply disturbed him, as a committed professional.  Moreover, during this photo shoot, Plaintiff observed gratuitous and inappropriate nudity and sexually inappropriate innuendos, which upset him, including but not limited to:

> (i) Models not using changing rooms, which led Plaintiff to observe numerous instances of gratuitous, full frontal nudity;
>
> (ii) Models, while completely nude, performing sexual gestures with a beer bottle; and
>
> (iii) Defendant Alex Faherty making tongue gestures between his fingers, representing a man performing oral sex on a woman.

19. On or around March 4, 2013, Plaintiff expressed concerns to Defendant Alex Faherty regarding the photo shoot and what he witnessed as regard to nudity, the lack of professionalism and the excessively and unwarranted sexual atmosphere.

20. On or around March 13, 2013, Plaintiff worked at Faherty Brand's Union Square office, where he observed Defendant Mike Faherty changing clothes in the nude and working in front of Plaintiff shirtless.  Plaintiff felt deeply uncomfortable coming at work because of the sexually charged atmosphere created by Defendant Mike Faherty.

21. During working hours, Plaintiff frequently observed Defendants drinking excessively. Their excessive drinking at work was often accompanied by rowdy and inappropriate sexual behavior.

22. Defendants' behavior was part of a pattern of abusive and sexually inappropriate conducts, which ultimately led Plaintiff Schiller to queasiness while at work.

23. On or about March 28, 2013, Plaintiff attended the shooting "The Barn" video for Faherty Brand at the country home of the Faherty family. During the shoot, Plaintiff observed Defendant Mike Faherty changing in the nude in front of him on several occasions. On one occasion, Defendant Mike Faherty exposed himself while acting out sexual gestures with his twin brother, Alex Faherty, who at the time was bent in front of his genitals while holding a newborn infant.

24. On or around April 6, 2013 until or around April 8, 2013, Plaintiff traveled with Defendants Alex Faherty and Mike Faherty and a photographer to a film shoot for the Faherty Brand video in Puerto Rico. During the first night of the filming trip, Defendants forced Plaintiff to sleep in a car parked in a dangerous neighborhood. During the second night, Plaintiff and Defendants stayed in a hovel, which was neither sanitary nor safe. Plaintiff was left to sleep on a beach chair on the floor, as there were no beds. The place was so unsafe that there were chains on the outside door to protect Plaintiff and Defendants from being robbed.

25. Plaintiff continued to complain about the offensive and unsafe working conditions. However, nothing was done or said to alleviate Plaintiff's concerns.

26. On or about April 24, 2013, Plaintiff was told he would be terminated by Defendants without any explanation. Thereafter, Defendants stated if Plaintiff would resign, they would pay him severance.

27. On or about April 25, 2013, Plaintiff and Defendants Alex Faherty and Michael Faherty met at a coffee shop in New York to discuss the severance agreement. In exchange for a resignation, Defendant Alex Faherty agreed to pay Plaintiff two (2) months of salary, a one percent (1%) equity in Faherty Brand and to allow Plaintiff to represent himself as an officer. Plaintiff agreed but insisted that the agreement be put in writing.

28. On or about May 3, 2013, Defendant Alex Faherty sent Plaintiff an incomplete separation agreement.

29. On or about May 12, 2013, Plaintiff emailed Defendant Alex Faherty regarding the separation agreement, which Plaintiff still had not received.

30. On or about May 16, 2013, Plaintiff received the proposed separation agreement.

31. On or about May 17, 2013, Plaintiff Schiller gave Defendant Alex Faherty an ultimatum of forty-eight (48) hours to execute the separation agreement. However, Defendants did not even answer Plaintiff.

32. On or about May 31, 2013, Plaintiff contacted Tri-Net (Faherty Brand's human resources management company), which notified Plaintiff that he was still a Faherty Brand employee on their files. Faherty Brand did not take Plaintiff off its payroll system.

33. On or about June 5, 2013, Plaintiff received a notification from Tri-Net that he had purportedly taken a "leave of absence," which was very confusing since his employment at Faherty Brand was terminated on April 24, 2013.

34. Moreover, in considering Plaintiff's substantial accomplishments during his tenure at Faherty Brand, and the gratitude that he was awarded for such accomplishments, retaliation for Plaintiff's expressed concerns are the only viable basis for Plaintiff's illegal termination.

## FIRST CAUSE OF ACTION
### Hostile Work Environment under the NYCHRL

35. Plaintiff hereby reiterates and incorporates every allegation contained in this Complaint with the same force and effect as though they were separately alleged and reiterated herein.

36. Defendants subjected Plaintiff to a hostile work environment in violation of the NYCHRL.

37. As a result, Plaintiff suffered damages for past and future earnings, other employment benefits, attorneys' fees, and emotional injuries in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Retaliation under the NYCHRL

38. Plaintiff hereby reiterates and incorporates every allegation contained in this Complaint with the same force and effect as though they were separately alleged and reiterated herein.

39. Defendants retaliated against Plaintiff in violation of the NYCHRL.

40. As a result, Plaintiff suffered damages for past and future earnings, other employment benefits, attorneys' fees, and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(i) On the First Cause of Action, actual damages to be determined at trial, but in no event less than one million dollars ($1,000,000);

(ii) On the Second Cause of Action, actual damages to be determined at trial, but in no event less than one million dollars ($1,000,000);

(iii) Punitive damages;

(iv) Attorneys' fees, disbursements and other costs; and,

(v) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 7, 2014

_____
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Counsel for Plaintiff*
1776 Broadway, Suite 2030
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com